IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–01497–RBJ–KMT

DAVID K. JENNER,

    Plaintiff,

v.

CAPT. WILLIAM SOKOL (official capacity),
AMY COSNER (individual and official capacity),
TERESA REYNOLDS (individual and official capacity), and
COLORADO DEPARTMENT OF CORRECTIONS (official capacity),

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on Plaintiff's "Motion for Permission to File an Amended Complaint Outside of Time Limitations Set by Judge Tafoya" (Doc. No. 58 [Mot.], filed February 13, 2012). For the following reasons, the court recommends that Plaintiff's Motion be denied.

In his Motion, Plaintiff seeks to amend "to better state the subject of his retaliation claim as well as the portion of his First Amendment/RLUIPA claim." (Mot., ¶ 2.) Plaintiff concedes that the deadline to amend the pleadings passed on November 17, 2012. (*Id.*, ¶ 1.) Defendants oppose the Motion, arguing Plaintiff's amendments are untimely and futile. (*See* Resp.)

## LEGAL STANDARD

Because Plaintiff filed his motion after the deadline for amending the pleadings (*see* Doc. No. 22), the court employs a two-step analysis, first determining whether Plaintiff has shown good cause to modify the scheduling order under Federal Rule of Civil Procedure 16(b), then evaluating whether Plaintiff has satisfied the standard for amendment of pleadings under Federal Rule of Civil Procedure 15(a).  This court has stated that

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a).  Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.  Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts.  In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l, Inc*., 204 F.R.D. 667, 668 (D. Colo. 2001) (citations omitted).

Once Plaintiff has shown good cause for modifying the scheduling order, he also must satisfy the requirements of Rule 15(a) for amending the pleadings. Under Rule 15(a), a court should allow a party to amend its pleadings "when justice so requires."  Fed. R. Civ. P. 15(a). The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party,

bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

## ANALYSIS

On January 4, 2012, this court issued its Recommendation that Defendants' Motion to Dismiss in Part (Doc. No. 11) be granted in part and denied in part. (Doc. No. 32.) Specifically, this court recommends that Claim Two alleging Retaliation by Defendants Cosner and Reynolds be dismissed in its entirety, and that a portion of Claim One, in which Plaintiff seeks to prevent other inmates who have not shown their "sincere Jewish beliefs" from participating in Passover services, also be dismissed. (*Id.* at 8, 14–17.) In his Motion, Plaintiff states he, after this court issued its Recommendation, "recognized that there may be deficiencies in the initial statement of his claims," and seeks to amend his Complaint "to better state the subject of his retaliation claim as well as the portion of his First Amendment/RLUIPA claim." (Mot., ¶ 2.)

*1.     Prejudice*

The Tenth Circuit has held that "the most important[] factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party." *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1208 (10th Cir. 2006).

> Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment. Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raises significant new factual issues.

*Id.* (citations and internal quotation marks omitted).

3

Plaintiff specifically seeks to amend his Complaint to add details about the alleged retaliation, including alleged attempts by Defendants Cosner and Reynolds "to have him written up and removed from the incentive living unit" and an alleged incident on August 2, 2010, in which Plaintiff was "shook down and urine tested in an effort to have him infracted for something else," allegedly in retaliation for exercising his First Amendment rights. (Mot., ¶ 4.) However, it is clear Plaintiff knew of the alleged August 2, 2010, incident at the time he filed his original Complaint, as Plaintiff attached to his original Complaint Offender Grievance Forms submitted to the CDOC officials on August 9, 2012, and September 2, 2010, in which Plaintiff details these incidents. (Doc. No. 1 at 25 & 27.) Plaintiff argues that the "claim is not presented seriatim but rather just wasn't completely stated," and that merely by attaching his grievances to his original Complaint, the defendants were put on notice as to the substance of his allegations. (Reply, ¶ 1.)

Plaintiff also seeks to amend his Complaint to better explain how the CDOC "places a substantial burden on the exercision [sic] his religious beliefs by incorporating the Messianic Jews into his Orthodox Jewish beliefs." (Mot., ¶ 6.) In his Reply, Plaintiff fails to address Defendants' arguments that the addition of these facts is untimely and prejudicial.

The court agrees with the defendants that Plaintiff's attempts to amend his Complaint to add these details at this point makes a significant change to the operative Complaint, shifting the claim to an entirely new incident involving other staff members. (*See* Resp. at 7.) The court also agrees that it appears Plaintiff is attempting to make his Complaint a "moving target" in order to avoid dismissal. (*See id.*) Courts have denied leave to amend when a party tries to use

amendment to circumvent a pending motion to dismiss or to modify its pleadings to make them a moving target that is difficult for an opponent to pin down. *See Minter*, 451 F.3d at 1206. Nevertheless, to the extent the proposed amendments state viable claims, the court will permit amendment. Thus, the focus of the court's inquiry is whether the additional facts would allow the claims to withstand a motion to dismiss.

### 2.     *Retaliation Claim*

In his proposed Amended Complaint, Plaintiff alleges on August 2, 2010, he was awakened at 4:00 a.m. and taken to segregation and then subjected to a urine test for drug usage. (Doc. No. 58-1 at 9.) Plaintiff states that several other inmates who were not involved in the alleged library incident but were employed as laundry workers were taken as well. Plaintiff's new allegations fail to cure the deficiencies in his original Complaint, which were addressed by this court in its Recommendation. (*See* Doc. No. 32 at 15–16.) First, Plaintiff concedes that several other inmates were subjected to the same search. (Doc. No. 58-1 at 9.) Second, there are no allegations that either Defendant Cosner or Defendant Reynolds ordered or were otherwise involved in the August 2, 2010, incident. Indeed, there appears to be no connection or allegations of any connection between the August 2, 2010, incident and the library incident described in Plaintiff's original Complaint. Thus, Plaintiff has failed to show personal participation by these defendants in the alleged incident. *See McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983) (an individual cannot be held liable in a section 1983 action unless he "participated or acquiesced" in an alleged constitutional violation). As such, Plaintiff's Motion to amend to add these details to his retaliation should be denied.

*3.     First Amendment/RLUIPA Claim*

In his proposed Amended Complaint, Plaintiff seeks to clarify that his ability to practice his religion "is substantially burdened by being required to provide services for inmate[s] who are registered as being Jewish (or Messianic Jewish which in reality is Christian) . . . ." (Doc. No. 58-1 at 4.) Plaintiff's Complaint is otherwise unaltered in this regard.

To allege a constitutional violation based on a free exercise claim, a prisoner-plaintiff must survive a two-step inquiry." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). "First, the prisoner-plaintiff must first [sic] show that a prison regulation 'substantially burdened . . . sincerely-held religious beliefs.' " 500 F.3d at 1218 (quoting *Boles*, 486 F.3d at 1182)). This court, in its Recommendation, recommended dismissing this portion of Plaintiff's First Amendment/RLUIPA claim because Plaintiff had failed to allege how the participation by other inmates who have not shown their "sincere Jewish beliefs" substantially burdened Plaintiff's own sincerely-held religious beliefs. (Doc. No. 32 at 8 [quoting *Boles v. Neet*, 486 F.3d 1177, 1182 (10th Cir. 2007)].) This court also declined to make a credibility assessment as to the sincerity of Plaintiff's or other inmates' religious beliefs. (*See id.* at 7–8.)

Even with the proposed added statement, Plaintiff's claim for injunctive relief to prevent other inmates who are of a different faith from attending Jewish services fails. Plaintiff's statement that his ability to practice his religion is substantially burdened by being required to provide services for inmates who are not Jewish is a conclusory statement that is not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949–51 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff has failed to state

any facts about how or why his practice is burdened by other inmates' presence. Rather, it appears Plaintiff is just bothered by their presence. This is insufficient to state a claim and correct the deficiencies previously addressed in this court's Recommendation. Therefore, Plaintiff's motion to amend in this regard should be denied.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Plaintiff's "Motion for Permission to File an Amended Complaint Outside of Time Limitations Set by Judge Tafoya" (Doc. No. 58) be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir.

1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 5th day of April, 2012.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge