IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–01497–RBJ–KMT

DAVID K. JENNER,

      Plaintiff,

v.

CAPT. WILLIAM SOKOL (official capacity),
AMY COSNER (individual and official capacity),
TERESA REYNOLDS (individual and official capacity), and
COLORADO DEPARTMENT OF CORRECTIONS (official capacity),

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

      This matter is before the court on Plaintiff's "Motion for Preliminary Injunction" (Doc. No. 30 [Mot.], filed December 21, 2011). Defendants filed their response on January 20, 2012 (Doc. No. 39 [Resp.]), and Plaintiff filed his reply on February 2, 2012 (Doc. No. 50 [Reply]).

      The court must construe the motion liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

      Plaintiff seeks an injunction requiring the defendants to allow Plaintiff to attend Jewish services within the time limitations prescribed for candle lighting, which he states is 1 1/4 hour to 18 minutes prior to sundown, rather than at the time the prison currently is allowing Jewish inmates to attend services. (Mot. at 1.) Plaintiff also seeks an order requiring the CDOC to

allow him to order Jewish faith supplies from Amazon or other outside vendors currently not

approved by the CDOC.  (*Id.*)

> A party seeking preliminary injunction must meet the following four conditions:
>
> (1) the movant will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood the movant ultimately will prevail on the merits; (3) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest.

*ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999).  A party seeking injunctive relief must

found his effort on specific factual allegations.  *Longstreth v. Maynard*, 961 F.2d 895, 902 (10th

Cir. 1992).  Ultimately, because "a preliminary injunction is an extraordinary remedy," the

moving party must establish that his "right to relief [is] clear and unequivocal."  *Schrier v. Univ.*

*of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

To obtain injunctive relief, Plaintiff must first show that he will suffer irreparable injury

if his request for injunctive relief is denied.  *Schrier*, 427 F.3d at 1258.  "To constitute

irreparable harm, an injury must be certain, great, actual 'and not theoretical.' "  *Heideman v. S.*

*Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d

669, 674 (D.C. Cir. 1985)).  Irreparable harm is more than "merely serious or substantial" harm.

*Id.* (citation omitted).  The party seeking the preliminary injunction "must show that 'the injury

complained of is of such imminence that there is a clear and present need for equitable relief' to

prevent irreparable harm."  *Id.* (citation omitted).  Therefore, to demonstrate irreparable harm,

Plaintiff "must establish both that harm will occur, and that, when it does, such harm will be

irreparable."  *Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007).  Finally, an injunction is

only appropriate "to prevent existing or presently threatened injuries.  One will not be granted

against something merely feared as liable to occur at some indefinite time in the future."

*Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

Plaintiff fails to adequately show that he is facing immediate and irreparable harm.

Though Plaintiff states he will be irreparably harmed if he is not able to attend the Jewish

services at the times he wishes and if he is not allowed to have the Jewish faith supplies,

claiming an injury from an alleged deprivation, but not explaining how such injury has caused

harm, is insufficient to establish an irreparable injury.  *See generally Ashcroft v. Iqbal*,556 U.S.

662, 129 S. Ct. 1937, 1949–54 (2009) (holding that a litigant's pleading responsibilities require

"more than an unadorned, the defendant-unlawfully-harmed-me accusation").  Injunctive relief is

subject to denial on this basis alone.  *See Sampson v. Murray*, 415 U.S. 61, 91-92 (1974)

(inferring that the failure to show irreparable injury is sufficient ground, by itself, to deny

injunctive relief).

Even if Plaintiff could demonstrate some injury, he must demonstrate that "the threatened

injury . . . outweighs whatever damage the proposed injunction may cause the opposing party"

and that "the injunction, if issued, would not be adverse to the public interest."  *Schrier*, 427 F.3d

at 1258.  Defendants have submitted the Affidavit of Major Williams, who states that the Limon

Correctional Facility does not have sufficient security staff to supervise programs such as Jewish

religious services at the same time as meal services and count, both of which are critical events

at the Limon Correctional Facility.  (*See* Doc. No. 40.)  As detailed in Major Williams'

Affidavit, attempting to schedule weekly Jewish Friday night Sabbath services earlier would

3

interrupt these services, and compromise prison safety and security.  (*Id.*, ¶¶ 24–26.)  In addition, as the time at which the sun sets varies daily, it would undermine the safety and security goals advanced by having a simple, straightforward, uniform, and predictable controlled movement schedule to arrange to schedule Jewish weekly Sabbath services at different times throughout the year, depending on the time of sunset on the Friday of any particular week.  (*Id.*, ¶ 26.) Regarding allowing Plaintiff to purchase Jewish religious supplies directly from unapproved vendors outside the prison, Defendants argue this would undermine the prison's efforts to prevent contraband from entering the facility.  (Resp. at 15.)  Therefore, taking these legitimate penological concerns into consideration, and considering also that Plaintiff has failed to set forth any injury that may occur from his inability to attend the services at the times he wishes and from his inability to obtain Jewish faith materials from outside vendors, the court finds that Plaintiff has failed to make the requisite showing to tip this factor in his favor.

Plaintiff also fails to address how the injunction he seeks will impact the public.  The court notes that the public would ultimately have to bear the cost of any required changes in Defendants' conduct.  The court finds that the public interest is best served by upholding the bright-line rule that Court interference is limited to only those extreme cases where irreparable injury is clear.  Courts should grant injunctive relief involving the management of prisons only under exceptional and compelling circumstances.  *Taylor v. Freeman*, 34 F.3d at 266, 269–70 & n.2 (4th Cir. 1994); *see also Citizens Concerned for Separation of Church & State v. Denver*, 628 F.2d 1289, 1299 (10th Cir. 1980).  The court finds that Plaintiff has failed to meet his burden in relation to this factor.

Finally, Plaintiff must show that he has a substantial likelihood of success on the merits of his claims. *Schrier*, 427 F.3d at 1258.  Defendants argue that even if Plaintiff can establish that his rights have been substantially burdened by the timing at which Jewish services are called, or by the accessibility of supplies for these services, Defendants may then show that the prison policies and regulations in question are supported by compelling governmental interests and constitute the least restrictive means of furthering those interests.  (Resp. at 12 [citing *Cutter v. Wilkinson*, 544 U.S. 709, 721 (2005)].)  Indeed, "a prison regulation imping[ing] on inmates' constitutional rights . . . is valid if it is reasonably related to legitimate penological interests." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).  The Affidavit of Major Williams sets forth arguments why the prison regulations about which Plaintiff complains are reasonably related to legitimate penological interests.  (*See* Doc. No. 40.)  Considering these arguments, and also considering the fact that Plaintiff has failed to meet any of the other requisite factors to grant injunctive relief, the court finds Plaintiff has failed to show his "right to relief [is] clear and unequivocal." *Schrier*, 427 F.3d at 1258.  Thus, a preliminary injunction is not appropriate at this time.

Accordingly, this court respectfully

**RECOMMENDS** that  Plaintiff's "Motion for Preliminary Injunction" (Doc. No. 30 ) be **DENIED**.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *U.S. v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see,*

*Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not

apply when the interests of justice require review).

Dated this 6th day of April, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge