IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 11-cv-01497-RBJ-KMT

DAVID K. JENNER,

      Plaintiff,

v.

CAPT. WILLIAM SOKOL,
AMY COSNER,
TERESA REYNOLDS, and
COLORADO DEPARTMENT OF CORRECTIONS,

      Defendants.

---

## ORDER

---

    Numerous motions are pending.  The Court resolves certain of the motions in this order.

**Facts**

    The facts were discussed at some length in this Court's order of April 17, 2012 [docket #89].  Briefly, plaintiff, an inmate in the Limon Correctional Facility of the Colorado Department of Corrections, filed this lawsuit under 42 U.S.C. § 1983 asserting violation of his First Amendment Rights and his rights under the Religious Land Use and Institutionalized Persons Act.  In his first claim for relief he alleged that his rights to the free exercise of his Orthodox Jewish religion had been violated in various ways.  In his second claim he alleged that defendants had retaliated against him for exercising his constitutional right to access the courts and to file grievances.

Defendants moved to dismiss in part pursuant to Fed. R. Civ. P. 12(b)(6). Ultimately this Court accepted Magistrate Judge Tafoya's recommendation to grant the motion in part and to deny it in part. [#89]. The Court also ruled on several other motions that were pending at that time. Motion practice has continued.

**Conclusions**

**[Plaintiff's] Motion for Preliminary Injunction [docket #30]**

Plaintiff seeks a mandatory injunction compelling defendants(1) to allow him to attend Jewish services within the time limitation prescribed for candle lighting by the Code of Jewish Laws; and (2) to provide him with necessary Jewish faith supplies, including books from Amazon and other items from outside vendors. This motion was referred to Magistrate Judge Tafoya. On April 6, 2012 Judge Tafoya issued a Recommendation that this motion be denied [#81]. At the conclusion of the Recommendation Judge Tafoya advised the parties of their right to object to her order as provided by Fed. R. Civ. P. 72(b). Rule 72(b) provides that parties may file and serve written objections to the magistrate judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition. Neither party has filed an objection to this recommendation.

When a timely objection is made to a recommendation on a non-dispositive motion, the Court sets aside any part of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). *See Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988). However, "[i]n the absence of timely objection, the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that

Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings")).

Magistrate Judge Tafoya found that plaintiff had not shown that he faces irreparable harm if he is not permitted to attend services at the times he wishes.  She further found that the plaintiff had not met the other requirements for a preliminary injunction, and that legitimate penological concerns would be raised by an attempt to accommodate plaintiff's demands in terms of when services should be conducted and the direct purchase of materials from unapproved outside vendors.

Upon my review of the magistrate judge's order, I find and conclude that it is reasonable and is supported by the record.  Accordingly, the recommendation is adopted, and motion #30 is denied.

**[Plaintiff's] Motion for Permission to File an Amended Complaint Outside of Time Limitations set by Judge Tafoya [#58].**

This motion likewise was referred to Magistrate Judge Tafoya.  On April 5, 2012 Judge Tafoya issued a Recommendation that this motion be denied [#80].  Once again, no objection has been filed to the Recommendation.  At the conclusion of the Recommendation Judge Tafoya advised the parties of their right to object to her order as provided by Fed. R. Civ. P. 72(b).  Rule 72(b) provides that parties may file and serve written objections to the magistrate judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition.  Neither party has filed an objection to this recommendation.

I have reviewed Judge Tafoya's recommendation.  It appears that she has considered the motion thoughtfully and with the admonition of Rule 15(a)(3), that leave to amend should be

freely given when justice so requires, well in mind.  Accordingly, in the absence of a timely objection, the recommendation is accepted, and motion #58 is denied.

**[Plaintiff's] Motion to Strike Defendants' Cross Motion for Summary Judgment [#99].**

Plaintiff contends that defendants' cross motion for summary judgment is untimely.  The dispositive motions deadline was originally set at February 24, 2012 [#22], and then was extended to March 29, 2012. [#53].  On March 21, 2012 defendants moved to extend the deadline pending a ruling on a pending motion to dismiss. Plaintiff objected, and the Court denied the motion for failure to state a date certain for the requested extension [#89].  Defendant then moved for an extension of the deadline to May 31, 2012 [#90].  On April 23, 2012 plaintiff filed an opposition to that motion, but the Court granted the motion and extended the dispositive motion deadline to May 31, 2012.  [#93].  Defendants' motion was timely filed on May 31, 2012. Accordingly, motion #99 is denied.

**[Plaintiff's] Request for Clarification as to How to Proceed [#100].**

Plaintiff asks whether he needs to respond to defendants' untimely motion for summary judgment.  Yes.  As indicated, it was not untimely.  If plaintiff wishes to be heard on the motion, he should respond to it.

**[Plaintiff's] Motion for Enlargement of Time (if necessary), to File a Response to Defendants' Cross-Motion for Summary Judgment [#102].**

Plaintiff asks for an additional 90 days to respond to defendants' cross-motion for summary judgment [#97], which was filed May 31, 2012.  The Court does not know defendants' position, but it elects to rule now to prevent unnecessary future filings and to give plaintiff the direction he is seeking.  The response ordinarily would be due on or about June 21, 2012.  The

Court finds that a 90-day extension is unreasonably lengthy.  The Court extends the due date to August 1, 2012.  Once the briefing on that motion is complete, the Court can consider and resolve plaintiff's motion for summary judgment [#67] and defendants' cross motion together.

**Order**

1.  Motion #30 is DENIED.

2.  Recommendation #81 is ADOPTED.

3.  Motion #58 is DENIED.

4.  Recommendation #80 is ADOPTED.

5.  Motion #99 is DENIED.

6.  Motion #100 is GRANTED.

7.  Motion #102 is GRANTED in part.  The deadline for plaintiff's response to defendants' cross motion for summary judgment is extended to August 1, 2012.

DATED this 19th day of June, 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge